Judge Bircii
delivered the opinion of the court.
This was a suit to recover the sum of $217 50 for boarding the wife of Bryson after he had obtained an act of legislative divorce; and *499 the only question presented by the record concerns the constitutional competency of the general assembly to pass such laws. The authority to do so was disaffirmed by a former bench of this court, in a case (Gentry’s case, 4 Mo. Rep. 120) originating before the legislative enactment of 18:35, which has remained in force ever since, and which declares in concurrence with the judicial opinion alluded to, that marriage is “a civil contract.” The marriage in question having taken place subsequent to the act aforesaid, and under what we consider its express guaranties, to sanction the legislative competency to interfere with such a “contract,” would be scarcely less objectionable upon the score of public justice, than it has heretofore been deemed tobe incompatible with public policy and the constitutional distinction of the powers of government.
The judgment of the circuit court is therefore affirmed.
Napton, J.,. gave no. opinion.