MARGARET L. BRYSON, BY NEXT FRIEND, Defendant in Error, *v.* ISAAC N. BRYSON, Plaintiff in Error.

1. *Divorces — Legislature has no power to grant.* — The doctrine that the Legislature of this State has no power to grant divorces dissolving the matrimonial connection, has been too long and well established, by repeated adjudications, to warrant its disturbance.

### *Error to Sixth District Court.*

On the 24th day of February, 1845, the Legislature granted a "legislative divorce" to plaintiff in error, dissolving the marriage between himself and the defendant in error. Defendant in error afterward instituted proceedings in the Circuit Court of Pike county, Missouri, to obtain alimony; and on the 10th of April, 1851, the Circuit Court rendered a decree granting her, as alimony, $275 per annum. Plaintiff in error appealed from that decree to this court, where the decree was affirmed. (See Bryson v. Bryson, 17 Mo. 590.)

At the September term, 1867, of the Pike Circuit Court, defendant in error instituted these proceedings to obtain an increase of alimony. Plaintiff in error answered, setting up as a defense the legislative divorce granted him. That portion of the answer was demurred to, and the demurrer was sustained, and the court increased the alimony to $472 per annum. From this decree, and the ruling of the court on the demurrer, plaintiff in error appealed to the District Court, and the case comes here by writ of error.

*D. P. Dyer*, for plaintiff in error.

The Legislature had the power to grant the divorce. (Bishop on Marriage and Divorce, §§ 773, 774, 775, 782, 785, 786; Starr v. Pearce, 8 Conn. 541; Townsend v. Griffen, 4 Harrington, Del., 440; West v. West, 2 Mass. 223.)

*R. A. Campbell*, and *Ewing & Holliday*, for defendant in error.

The act granting the divorce was unconstitutional. (State v. Fry, 4 Mo. 120 ; Bryson v. Campbell, 12 Mo. 498 ; Bryson v. Bryson, 17 Mo. 590.)

CURRIER, Judge, delivered the opinion of the court.

The only question presented by this record respects the constitutional authority of the Legislature to grant divorces dissolving the matrimonial connection.

Whatever the rule on this subject may have been in England and in different States of the Union, the doctrine that the Legislature of this State has no power to grant such divorces has been too long and well established, by repeated adjudications, to warrant its disturbance at the present time. (Gentry v. Fry, 4 Mo. 120 ; Bryson v. Campbell, 12 Mo. 498 ; Bryson v. Bryson, 17 Mo. 590.) The wisdom of the principle of these decisions has been vindicated by its transferrence, in express terms, into the organic law. (Const., art. 4, § 27.) The impolicy and bad tendency of legislative divorces is now generally recognized, and the practice is passing into disuse under the influence of distinct constitutional prohibitions. Mr. Bishop, in his work on marriage and divorce (Bishop on Marriage and Divorce, 660), states that " the subject of legislative divorces is daily becoming of less and less practical interest in the United States, in consequence of the continually increasing jurisdiction given to the courts of the several States to dissolve the matrimonial connection, and of provisions, which are rapidly working themselves into our revised constitutions, prohibitive of divorces by the Legislature."

It was judicially determined in 1835 (4 Mo. 120), three years before the present parties were married, in opinions covering eighty pages of the printed report, that the Legislature had no power to dissolve the marriage relation ; and that decision was affirmed in 12 Mo. 498, where the present defendant below was a party, and again in 17 Mo. 590, where the present litigants were both parties to the suit.

These steps can not be retraced, and the decree of the court below must consequently be affirmed as of the date at which it

was rendered, subject, however, to the following order.: Ordered, that the defendant below be allowed, as a credit, any payments he may have made on the original decree for the time elapsed since June, 1868. The other judges concur.